**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

EDDIE F.,

                Plaintiff,

                                  3:19-CV-958
    v.                                       (DJS)

ANDREW M. SAUL, *Comm'r of Soc. Sec.*,

                Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LACHMAN & GORTON<br>Attorney for Plaintiff<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, NY 13761 | PETER A. GORTON, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>Attorney for Defendant<br>J.F.K. Federal Building, Room 625<br>15 New Sudbury Street<br>Boston, MA 02203 | LOUIS JOHN GEORGE, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

### DECISION and ORDER[1]

      Currently before the Court, in this Social Security action filed by Plaintiff Eddie F. against the Commissioner of Social Security, are Plaintiff's Motion for Judgment on

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 7 & General Order 18.

the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11, 14, 17, & 20.

For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision denying Plaintiff's disability benefits is reversed and the matter remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on November 6, 1973, making him 42 years old on the date he applied for disability, and 44 at the date of the ALJ's decision. Dkt. No. 8, Admin. Tr. ("Tr."), p. 204. Plaintiff reported obtaining a GED. Tr. at p. 220. He has past work as a cook and a laborer. *Id.* Plaintiff alleged disability due to post traumatic stress disorder, attention deficit hyperactive disorder, depression, anxiety, asthma, tendonitis in left shoulder and elbow, chronic lower back pain, and history of a heart attack. Tr. at p. 219.

### B. Procedural History

Plaintiff applied for Supplemental Security Income in December of 2015. Tr. at pp. 192-194. His application was denied. Tr. at pp. 125-130. Plaintiff requested a hearing, and a hearing was held on June 18, 2018 before Administrative Law Judge ("ALJ") Perry L. Franklin at which Plaintiff was accompanied by a representative and testified. Tr. at pp. 48-85. The ALJ issued a determination on August 16, 2018, finding Plaintiff was not disabled since the date of his application. Tr. at pp. 7-25. Plaintiff requested review of the ALJ's determination, and the Appeals Council denied the request

for review on June 17, 2019.  Tr. at pp. 1-6.  Plaintiff filed his Complaint in this action on August 6, 2019.  Dkt. No. 1.

### C.  The ALJ's Decision

In his decision, the ALJ made a number of findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2015, the application date.  Tr. at p. 12.  Next, the ALJ found that Plaintiff had the following severe impairments: morbid obesity; spurring and peroneal tendonitis of the right ankle; chronic obstructive pulmonary disease (COPD); asthma; history of left shoulder tendonitis; left lateral epicondylitis; post-traumatic stress disorder (PTSD); generalized anxiety disorder; panic disorder with agoraphobia; antisocial personality disorder; and attention-deficit hyperactivity disorder (ADHD).  *Id.*  Third, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings").  Tr. at p. 13.  Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC")

> To perform light work as defined in 20 CFR 416.967(b) except he can lift and carry 20 pounds occasionally, and 10 pounds frequently; he can stand and/or walk 6 hours in an 8-hour workday; he can sit 6 hours in an 8-hour workday; he can push and pull the same weight; he cannot climb ladders, ropes, and scaffolding; he can occasionally climb ramps and stairs; he can occasionally balance and stoop; he cannot kneel, crouch, or crawl; he must avoid concentrated exposure to vibrations and even moderate exposure to temperature extremes, humidity/wetness, and pulmonary irritants, such as chemicals, fumes, dust, and gases, and hazards, such as unprotected heights and dangerous moving machinery; and he can perform simple, routine, repetitive tasks in other than fast-paced production environments requiring no contact with the general public and occasional, superficial interaction with coworkers and supervisor.

Tr. at p. 15.  Fifth, the ALJ found that Plaintiff was unable to perform any past relevant work.  Tr. at p. 21.  The ALJ found that Plaintiff was born on November 6, 1973, and was 42 years old, which is defined as a younger individual age 18-49 on the date the application was filed, and that he has at least a high school education and is able to communicate in English.  *Id.*  The ALJ found that transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.  *Id.*  The ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  *Id.*  Sixth, and last, the ALJ concluded that Plaintiff has not been under a disability since December 1, 2015, the date the application was filed.  Tr. at p. 22.

### D. The Parties' Briefings on Their Cross-Motions

In his Motion for Judgment on the Pleadings, Plaintiff contends that the ALJ improperly attributed a medical opinion of LMSW Gil and Dr. Toraty to only Ms. Gil, and erroneously failed to apply the treating physician rule to the opinion.  Dkt. No. 11, Pl.'s Mem. of Law at pp. 6-7 & 16-18.  He contends that it was also error for the ALJ to accept the opinion of Dr. Nobel, a non-examining consultant, over his treating sources, and argues, among other things, that Dr. Nobel's opinion cannot be considered a functional capacity assessment because it does not conform with Social Security Administration policy and does not provide sufficient explanation.  *Id.* at pp. 7-18.

Plaintiff further contends that the opinion evidence shows that he has significant limitations, and that he would be unable to work due to time off task and absences from work; he asserts that the ALJ ignores findings indicating Plaintiff's limitations and only focuses on the few contrary findings in the record. *Id.* at pp. 16-18 & 21-23. Plaintiff also argues that the ALJ should have given more weight to Dr. Moore's opinion. *Id.* at pp. 19-21. Finally, Plaintiff argues the ALJ's Step Five determination is not supported by substantial evidence because he cannot perform the RFC assessed by the ALJ. *Id.* at pp. 23-24.

In response, Defendant contends that the ALJ analyzed the opinion signed by Ms. Gil and Dr. Toraty properly, so any error in failing to recognize the opinion was by Dr. Toraty as well as Ms. Gil was harmless. Dkt. No. 14, Def.'s Mem. of Law at pp. 5-10. He further argues that the ALJ properly evaluated and utilized Dr. Nobel's opinion, which contained a sufficient explanation, and that he properly afforded limited weight to Dr. Moore's opinion. *Id.* at pp. 10-20. Defendant further contends that even if Plaintiff has moderate limitations in his ability to maintain a schedule, he is not precluded from performing simple, routine work. *Id.* at pp. 23-24. Finally, Defendant contends that the ALJ's decision to discount Dr. Moore's opinion was valid because it relied upon medical evidence in the record. *Id.* at pp. 20-23.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health &*

*Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford

the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can

be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III.  ANALYSIS

#### A.  The ALJ's Analysis of Plaintiff's Treating Providers' Opinion

Plaintiff first contends that the ALJ failed to acknowledge that Plaintiff's mental health questionnaire was from an acceptable treating source, and failed to properly evaluate the opinion. Pl.'s Mem. of Law at pp. 6-7 & 16-18. In the ALJ's determination, he writes that "[a] mental questionnaire was completed in April 2018 by Cathi Gil, LMSW, and it also appears that Ms. Gil also signed for Surya Toraty, M.D." Tr. at p. 20. The ALJ then referred to the opinion and analyzed the opinion as though it was only submitted by Ms. Gil. *Id.* It is unclear why or how the ALJ reached the conclusion that Ms. Gil signed for Dr. Toraty. Rather, the signatures of both practitioners appear on the questionnaire; without any additional information, it appears that the opinion is that of both practitioners. Tr. at pp. 404-405. In addition, there is evidence in the record that Dr. Toraty personally treated Plaintiff. *See* Tr. at pp. 401-402 (notes reflecting that Plaintiff was seen by both Ms. Gil and Dr. Toraty) & 385-397 (diagnostic evaluation performed by Dr. Toraty).

The ALJ afforded little weight to the opinion. Tr. at p. 20. The ALJ explained that he was affording the opinion little weight because Ms. Gil's treatment notes do not generally support the opinion, because the opinions are in the form of a checklist with no narrative explaining the findings, and because during Ms. Gil's time treating Plaintiff, she made no referrals for more aggressive care. *Id.*

When a treating doctor signs an opinion prepared by a practitioner who is not an acceptable medical source, "the report should be evaluated under the treating physician rule unless evidence indicates that the report does not reflect the doctor's views." *Djuzo v. Comm'r of Soc. Sec.*, 2014 WL 5823104, at *4 (N.D.N.Y. Nov. 7, 2014) (collecting cases); *see also Viverito v. Colvin*, 2016 WL 755633, at *13-14 (E.D.N.Y. Feb. 25, 2016) (collecting cases). There is no indication that the report does not reflect Dr. Toraty's views. As such, the opinion should have been evaluated pursuant to the treating physician rule.

The "treating physician rule," set out in 20 C.F.R. § 416.927(c), applies to Plaintiff's claim as it was filed before March 27, 2017. According to that rule, "'the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'" *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)). There are situations where the treating physician's opinion is not entitled to controlling weight, in which case the ALJ must "explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Greek v. Colvin*, 802 F.3d at 375 (internal quotation marks omitted) (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)). However, "[w]here an ALJ's reasoning and adherence to the Regulations is clear, she is not required to

explicitly go through each and every factor of the Regulation." *Blinkovitch v. Comm'r of Soc. Sec.*, 2017 WL 782979, at *4 (N.D.N.Y. Jan. 23, 2017), *report and recommendation adopted*, 2017 WL 782901 (N.D.N.Y. Feb. 28, 2017) (citing *Atwater v. Astrue*, 512 Fed. Appx. 67, 70 (2d Cir. 2013)). After considering these factors, "the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.'" *Greek v. Colvin*, 802 F.3d at 375 (quoting *Burgess v. Astrue*, 537 F.3d at 129).

In this case, the ALJ's analysis of the opinion does not conform with the requirements of the treating physician rule. The analysis only briefly considered whether the opinion was consistent with the provider's records, and completely failed to discuss the consistency of the opinion with the other medical evidence, or whether the physician was a specialist – indeed, it rejected that it was provided by a physician at all.

Defendant contends this error is harmless. Def.'s Mem. of Law at pp. 7-10. However, the Court cannot conclude that the ALJ would have made the same determination had he applied the proper standards. The restrictions provided in the opinion of Ms. Gil and Dr. Toraty vary in significant ways from the RFC as assessed by the ALJ; indeed, it opines significant functional limitations that are not included in the RFC. The opinion assesses marked limitations in Plaintiff's ability to maintain regular attendance without interruptions from psychological based symptoms; moderate to marked limitations in his ability to perform activities within a schedule, be punctual, and perform at a consistent pace; and moderate to marked limitations in his ability to respond appropriately to ordinary stressors in a work setting with simple tasks. Tr. at p. 404. The opinion further assesses that Plaintiff would be off task more than 20% of the time during

a work day, and absent three or more days per month. Tr. at pp. 404-405. As such, the Court recommends this matter be remanded for further analysis of this opinion. *See Djuzo v. Comm'r of Soc. Sec.*, 2014 WL 5823104, at *5; *see also Snell v. Apfel*, 177 F.3d 128, 134) (2d Cir. 1999) ("A reviewing court 'may not accept appellate counsel's *post hoc* rationalizations for agency action.").

"Courts that have dealt with the issue of a failure to apply the treating physician rule to statements signed by a doctor as well as a physician's assistant or nurse practitioner have consistently remanded for a new hearing." *Viverito v. Colvin*, 2016 WL 755633, at *13 (collecting cases) (remanding where ALJ attributed opinion only to an individual who was not an acceptable medical source, when the letter was signed by both that individual and an acceptable medical source, and failed to evaluate the opinion under the treating physician rule); *see also Scott v. Comm'r of Soc. Sec.*, 2020 WL 1489830, at *14 (S.D.N.Y. Mar. 27, 2020). This matter is therefore remanded for further consideration of whether the opinion of Ms. Gil and Dr. Toraty constitutes the opinion of a treating physician and for any necessary application of the treating physician rule to the opinion.

### B. Plaintiff's Remaining Arguments

Plaintiff makes a number of additional arguments, which largely pertain to the ALJ's weighing of opinions and incorporation of those opinions into his RFC. In light of the Court's determination that remand is required for the ALJ to assess the opinion of Plaintiff's treating providers pursuant to the treating physician rule (or for further explanation indicating that the opinion is in fact not the opinion of Dr. Toraty), the Court declines to consider these remaining arguments. On remand, should the Commissioner

find that the opinion is that of a treating physician, he should reevaluate the other alleged errors in light of his evaluation of this medical source statement.

## IV.  CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and **REMANDED** to the Commissioner, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with the above.

Dated:   August 17, 2020
        Albany, NY

Daniel J. Stewart
U.S. Magistrate Judge